UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:12 CR 285 |
| | ) | 1:19 CR 371 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| JESSI WHITE, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Jessi White's Motion For Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A). (ECF # 2205(12 CR 285); ECF #31(19 CR 371)). The government did not respond. He filed the motion under two case numbers, the first of which was his original case charging distribution of cocaine and heroin. The second case charged him with escape when he failed to return to the residential re-entry center at the end of his sentence. In between, he was also convicted of state law crimes and served time in the Ohio system.

This is Mr. White's third motion for compassionate relief. He previously sought compassionate release in case number 1:12 CR 285 (the distribution case), based on the stress caused by the Covid-19 Pandemic. That motion was denied. (ECF #2185). He second motion was brought under case number 1:19 CR 371(the escape case), and sought relief based on alleged problems with the Bureau of Prison's sentencing computations. The Court found that

compassionate release was not the appropriate way to address alleged computation errors by the BOP and denied the motion .

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), an inmate may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, the inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. White has provided some evidence that he has exhausted his administrative remedies by requesting early release from the Warden. Therefore, the Court accepts that the exhaustion requirement is satisfied, and this motion is properly before this Court.

In order to justify compassionate release a court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction; and, (2) consider the applicable §3553(a) factors. *See, United States v. Jones*, Case No 20-3701, at 9 (6th Cir., Nov. 20, 2020). A "compassionate release decision is discretionary, not mandatory." *Jones* at 9; *Cf. United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). For purposes of this opinion, the Court considered the

entire record in both of Mr. White's cases, finding no extraordinary or compelling reasons to consider a reduction in his sentence. Further, balancing all the factors set forth in 18 U.S.C. §3553(a), the Court finds that the a sentence reduction is not appropriate this case.

Mr. White has not presented extraordinary and compelling reasons for relief. He argues that there remains a disparity in sentencing policy between federal offenses involving crack cocaine and those involving powder cocaine. However, he cites to no new changes in the law, or in the sentencing guidelines. Further, even if an unwarranted disparity existed, it would apply to all defendants serving time for similar charges. This would not make Mr. White's case extraordinary. Further, the alleged disparity is a policy issue that is best handled by the legislature and should not be addressed in a case by case basis by the courts, especially post-conviction. Finally, it is unclear whether Mr. White is currently serving his remaining time on the distribution sentence or whether he is serving time for his escape. Mr. White cites no basis for a reduction in sentence for his escape.

Even if he had established extraordinary and compelling reasons to consider a sentence reduction, the §3553 factors would weigh against a modification. Mr. White was given a chance at early release. In October of 2015, less than three years into his 71 month sentence, the Bureau of Prisons transferred him to a halfway house for residential re-entry. He failed, at least once, to return following an approved departure from the facility. Subsequently he left the facility without permission and engaged in drug trafficking activities including selling cocaine and heroin. He was convicted in state court for these offenses and was prosecuted federally for the escape from the facility. *(USA v. White*, Case No. 1:19 CR 371). Mr. White's escape and his engagement in additional drug trafficking crimes even while still under sentence for his original

3

offense demonstrate that he remains a danger to the community and is an unacceptable risk for recidivism. He has clearly demonstrated that anything less than service of his full sentence would fail to properly deter him from future crimes and would fail to reflect the seriousness of his crime. For these and all of the reasons set forth at his original sentencing, the Court finds that the §3553 factors weigh against early release. His motion is DENIED. IT IS SO ORDERED.

                                                 /s/ Donald C. Nugent
                                                 DONALD C. NUGENT
                                                 United States District Judge

DATED: October 2, 2023